UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELISSA ROSENBAUM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 1:25-CV-1136-RP |
| | § | |
| EMBASSY SUITES MANAGEMENT, LLC, | § | |
| | § | |
| Defendant, | § | |

**ORDER**

Before the Court is Plaintiff Melissa Rosenbaum's ("Plaintiff") Request for Relief Under Fed. R. Civ. P. 56(d). (Rule 56(d) Mot., Dkt. 13).[1] Defendant Embassy Suites Management, LLC ("Defendant") filed a response. (Response, Dkt. 15, at 10–11).[2] For the reasons discussed below, the Court will deny Plaintiff's Rule 56(d) motion.

**I. BACKGROUND**

The Scheduling Order in this case set the discovery deadline for June 30, 2026, and the dispositive motions deadline for July 17, 2026. (Scheduling Order, Dkt. 10). On April 30, 2026, Defendant filed its Motion for Summary Judgment. (Mot. Summ. J., Dkt. 12). On May 14, 2026, Plaintiff filed a response, which includes a request for relief under Federal Rule of Civil Procedure 56(d); she asks the Court to defer consideration of Defendant's motion for summary judgment until after she has taken the Rule 30(b)(6) deposition of a corporate representative of Defendant. (Rule 56(d) Mot., Dkt. 13, at 18). As required by Federal Rule of Civil Procedure 56(d), her motion includes an unsworn declaration from her attorney, David C. "Clay" Snell. (Snell Decl., Dkt. 13-3).

[1] Dkt. 13 also contains Plaintiff's Response to Defendant's Motion for Summary Judgment.
[2] Dkt. 15 also contains Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

## II. DISCUSSION

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The party resisting summary judgment must demonstrate two things: "(1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (per curiam) (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)). "Although 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course . . . the party seeking additional discovery must first demonstrate 'how that discovery will create a genuine issue of material fact.'" *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009) (first quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991); and then quoting *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

Plaintiff contends that she cannot fully oppose Defendant's motion for summary judgment until she is able to depose a corporate representative on "[w]hether prior falls occurred on displaced concrete at the hotel." (Rule 56(d) Mot., Dkt. 13, at 18). She claims that this evidence would be "relevant in determining whether the condition is unreasonably dangerous, the very issue on which Defendant moves for summary judgment." (*Id.*). She argues that she "should not have to take the word of an interrogatory sworn to on 'belief' as to whether other patrons had tripped on the walkway." (*Id.*).

As Plaintiff herself acknowledges, however, she already sought discovery on this issue through interrogatories. (*See id.*). Defendant "denied the existence of prior falls in written discovery." (*Id.*). Though Plaintiff takes issue with the interrogatory response being "based upon a 'reasonable

inquiry,' that the interrogatory answers are true and correct based upon the affiant's 'knowledge, information, and belief," she admits that Defendant did in fact "serve a sworn verification of the answers," albeit "*after* it filed its motion for summary judgment." (*Id.* at 18–19) (emphasis in original). Defendant argues that (1) Plaintiff was not diligent in seeking discovery and "neglects to inform the Court that [she] only requested dates [for a deposition] **the same day** [she] filed [her] summary judgment response" and (2) "the answer [about past falls] will be the same, whether the question is asked in an interrogatory or a deposition: there are no prior reports or prior injuries or complaints." (Resp. to Rule 56(d) Mot., Dkt. 15, at 10) (emphasis in original).

The Court finds that Plaintiff has not met her burden under Rule 56(d), as she has not sufficiently demonstrated how, after already receiving sworn interrogatory responses denying prior falls or complaints—even if the sworn verification was served late—a deposition would "likely create a genuine issue of material fact" instead of resulting in duplicative discovery. *See Chenevert*, 431 F. App'x at 287; *Six Flags, Inc.*, 565 F.3d at 963. The Court will therefore deny Plaintiff's motion to defer consideration of Defendant's Motion for Summary Judgment.

## III. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Request for Relief Under Fed. R. Civ. P. 56(d), (Dkt. 13), is **DENIED**.

**SIGNED** on July 15, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE